QUESTIONS: 1. Did the Legislature, by enacting s. 13, Ch. 74-234, Laws of Florida, creating s. 196.295, F.S. (1974 Supp.), intend to abolish the custom of proration of taxes upon closing? 2. If so, would the taxes be an obligation upon the seller or upon the purchasing municipality? 3. Does s. 196.295, F.S. (1974 Supp.), also permit the property appraiser to make the necessary adjustments in the tax roll so as to relieve the municipality of tax liability for the property purchased, if it permits the proration of taxes?
SUMMARY: Section 196.295, F.S. (1974 Supp.), as created by s. 13, Ch. 74-234, Laws of Florida, did not abolish the "custom" of proration of taxes upon closing. It does mandatorily require that the vendor of taxable real property being conveyed to an exempt or immune governmental entity for a nontaxable use place in escrow with the tax collector moneys equal to 120 percent of the previous year's tax bill. Accordingly, the tax roll should reflect liability for taxes on the vendor's part for the year of sale. Effective October 1, 1975, the provisions of s. 1, Ch. 75-103, Laws of Florida, which substantially revised s. 196.295, supra, will govern. Only those taxes attributable to the seller, prorated to the date of title transfer, must be escrowed. The taxes attributable to the remaining portion of the year during which the exempt or immune governmental entity owned the property and utilized the same for a nontaxable use are canceled and the tax roll should be adjusted to reflect such fact. Section 196.295, F.S. (1974 Supp.), as enacted by s. 13, Ch. 74- 234, Laws of Florida, provides: Property transferred to exempt governmental unit; tax payment into escrow. — In the event title to property shall be acquired [between January 1 and November 1 of any year] by a governmental unit exempt under this chapter by purchase, condemnation, or otherwise or shall be acquired by purchase, condemnation, or otherwise for use exclusively for federal, state, county, or municipal purposes, the taxpayer shall be required to place in escrow with the tax collector of the county in which the property is located an amount equal to 120 percent of the previous year's tax bill. This fund shall be used to pay any ad valorem taxes due, and the remainder shall be returned. This statutory provision, however, is effective only until October 1, 1975, in that the Legislature, by s. 1, Ch. 75-103, Laws of Florida, has substantially revised s. 196.295, supra. Hence, this opinion relates only to s. 196.295, F.S., as created by Ch. 74-234, Laws of Florida, and as effective through October 1, 1975. The Legislature, in enacting s. 196.295, supra, certainly did not abolish the "custom of proration of taxes upon closing." Such "custom" is nothing more than a private contractual agreement between vendor and vendee by which they provide for the apportionment of the taxes assessed against the realty "in any manner they deem equitable." See Boyer, Florida Real Estate Transactions, Volume 1, s. 4.02, p. 41. The fact that the vendee is an exempt or immune governmental entity in no way affects the fact that proration of taxes is as much a matter of contractual negotiation between the parties as is the purchase price of the property. Consequently, your first question is answered in the negative. The remaining two questions draw into issue the problem noted in AGO 074-199. In such opinion, I concluded that, pursuant to ss. 192.042(1) and 192.053, F.S., nonexempt property is to be assessed for ad valorem taxation as of January 1 of each year and a lien for the taxes attaches as of that date. The fact that a municipality later on in the same year acquires and uses the property for municipal or public purposes does not cancel the taxes for that year for the period in which the municipality owned and so used the property. However, pursuant to s. 196.28, F.S., the appropriate board of county commissioners has the power and authority to cancel tax liens held by the county on lands acquired by a municipality and used by it for municipal or public purposes. Until the board exercises such power or, in the alternative, the taxes are paid or the statute of limitations expires, the tax lien remains valid but unenforceable during the continuity of the municipal ownership with municipal or public purpose use thereof. Section 196.295, F.S. (1974 Supp.), simply provides a method of insuring payment of the taxes in situations such as that treated in AGO 074-199. It compels the "taxpayer," i.e., the person or other legal entity in whose name the property is assessed, on January 1 of the year in question, s. 192.001(13), F.S., to place in escrow with the tax collector an amount equal to 120 percent of the previous year's tax bill. This will of course be the nonexempt or nonimmune vendor (seller). The provisions of s. 196.295, supra, are mandatory and clearly place the duty on the vendor (seller) to effectuate the escrow of appropriate moneys with the tax collector, though there is no bar to the vendor obtaining all or part of such funds by virtue of proration pursuant to contractual negotiation. Consequently, the tax roll should reflect liability for payment of the taxes on behalf of the vendor (seller) rather than the exempt or immune governmental entity. Effective October 1, 1975, s. 196.295, as substantially revised by s. 1, Ch. 75-103, Laws of Florida, will govern. Such revision provides: In the event fee title to property shall be acquired *[between January 1 and November 1 of any year] by a governmental unit exempt under this chapter by any means except condemnation or shall be acquired by any means except condemnation for use exclusively for federal, state, county or municipal purposes, the taxpayer shall be required to place in escrow with the county tax collector an amount equal to the current taxes prorated to the date of transfer of title based upon the current assessment and millage rates on the land involved. This fund shall be used to pay any ad valorem taxes due, and the remainder of taxes which would otherwise have been due for that current year shall stand cancelled. Under such revised statute, the seller will be required to place in escrow only that portion of current taxes for the year prorated to the date of title transfer to the governmental unit based upon the current assessment and millage rates on the affected property. The remainder of the taxes otherwise attributable to the property for that portion of the year in which the exempt or immune governmental entity owned and utilized the property for nontaxable purposes would be canceled. Consequently, subsequent to the effective date of s. 1, Ch. 75-103, supra, there will be no necessity for prorating the obligation for taxes at the time of closing since only those taxes attributable to the seller must be escrowed. Such taxes would, of course, be an obligation of the seller and the property appraiser would be authorized to make the necessary adjustments in the tax roll so as to reflect the cancellation of the remainder of the taxes otherwise due and relieve the municipality of any record tax liability for the property purchased for the tax year in which the transaction occurs.